STATE v. LIVERMORE.

A saw-mill is not necessarily a building within the provisions of the Revised Statutes (ch. 215, sec. 2), which prohibit the burning of "any building" other than a dwelling-house, &c.; and therefore an indictment, founded on that provision of the statute, which charged the respondent with burning "a saw-mill," will be quashed, on motion.

A MOTION was made to quash the indictment on account of a defect in the description of the property alleged to be burned. The indictment was as follows:

"The grand jurors for the State of New-Hampshire, upon their oath present that David Livermore, of Washington, in the county of Sullivan aforesaid, laborer, on the second day of June, in the year of our Lord one thousand eight hundred and sixty-one, at Washington, in the county of Sullivan aforesaid, with force and arms a certain saw-mill, there situate in said Washington, belonging to John Butterfield, of Lempster, in said county, did then and there, at said Washington, feloniously, willfully and maliciously set fire to, burn and consume, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." And the question arising upon the said motion was reserved for the decision of the court at the law term.

*Barton*, Solicitor, for the State.

*A. & S. H. Edes*, for the defendant.

SARGENT, J. The provisions of our statute are as follows (Rev. Stat., ch. 215; Comp. Stat. 547, sec. 1): "If any person shall willfully and maliciously burn any dwelling-house, or out building adjoining thereto, or any building whereby any dwelling-house shall be burned, he shall be punished," &c. Section 2. "If any person shall willfully and maliciously burn any vessel lying within the body of any county, or any bridge, or any building other than those described in the preceding section, he shall be punished," &c.; and the punishment for the offense described in the first section is greater than for that described in the second.

Two positions are taken by the defendant. First, that a saw-mill is not necessarily a building, and therefore that all that the indictment alleges may be true, and yet the offense described in one statute on which this indictment is founded, not have been committed; and second, that if a saw-mill is a building by necessary implication, yet that the indictment, in order to be sufficient in law, must state that the building burned was not "a dwelling-house, or any out-building adjoining thereto, or any building whereby any dwelling-house" was burned. For it is claimed that these buildings, being excepted in the enacting clause of section 2, the indictment must allege that the building burned was not one included in the exception.

Can the defendant's first position be sustained? According to Webster, the word mill has two definitions: a primary and a secondary.

(1.) "A complicated engine, or machine, for grinding and reducing to fine particles, grain, fruit, or other substance, or for performing other operations by means of wheels and a circular motion, as a grist-mill for grain; a coffee-mill, a cider-mill, a bark-mill. The original purpose of mills was to comminute grain for food, but the word mill is now extended to engines or machines moved by water, wind, or steam, for carrying on many other purposes. We have oil-mills, saw-mills, slitting-mills, bark-mills, fulling-mills," &c.

(2.) "The house or building that contains the machinery for grinding," &c.

Now if our statute against arson had made the burning of a mill an offense, of course the burning of a saw-mill would be so, and that, too, whether the mill were in a building or not. But our statute in this case uses the word building, and the offense here charged is not committed, unless some building is burned. The indictment charges the burning of a saw-mill, without alleging that it was a building, or that the mill was in any building. If it had alleged that the defendant burned a certain building called a saw-mill, it would have been well enough, and that is the form given in all the precedents I have been able to find founded on a statute worded like ours. Davis' Prec., 49, 50; *State v. Gove*, 34 N. H. 510; *Commonwealth v. Squire*, 1 Met. 258.

If a saw-mill is necessarily a building, so that a man can not burn a saw-mill and not burn a building, perhaps the indictment would be well enough. But if a man can burn a saw-mill and not burn a building, then the indictment does not describe or charge an act

which necessarily constitutes an offense, either under our statute or at common law. If a man burns my winnowing-mill or mowing machine, he may be liable for the damages, but our statute does not make that arson; and so of a threshing machine, or a machine for sawing wood, whether it is carried by horse power, by water, by wind, or by steam. The same would be true of a shingle or a clap-board machine, both of which are as frequently, perhaps, and as appropriately called mills as machines.

At the present day it is not uncommon, in regions of forest or woodland, for the owner to purchase a steam saw-mill, with an engine, all necessary machinery, geering, saws, carriage, &c.; being a perfect saw-mill for the manufacture of lumber. All he has to do is to find an eligible position in the forest to locate it, saw up all the timber in its immediate vicinity, and then, instead of moving the timber to the mill, he removes the saw-mill to the timber. The saw-mill is perfect without any building. It may be customary to set up posts around it temporarily, when located, and put a roof of slabs over it, to protect the mill from rains, and for the convenience of the workmen who operate the mill in the spring and summer; and in the winter it is not usually run at all. The saw-mill is just as perfect without such covering as with it. It is not very uncommon to see saw-mills advertised to be constructed and forwarded to any part of the country, to order, at prices varying according to the capacity of the mill.

A man, then, may own a saw-mill without having or needing any building to cover it, and such a saw-mill might be burned without burning any building, and of course without committing the crime prohibited in the second section of the statute referred to; for the burning of a saw-mill is not included under any of the other provisions of our statute, except it is under the term "any building." The respondent may therefore have burned John Butterfield's saw-mill, in Washington, as alleged, and yet not necessarily have burned any building; and hence he may have done all he is charged with doing in the indictment, without being guilty of the offense prohibited by the statute upon which this bill is attempted to be sustained. The indictment is fatally defective in this particular.

It therefore becomes immaterial to consider the second position taken by the defendant.

*Indictment quashed.*