## STATE OF MINNESOTA

### *vs.*

### GEORGE W. CRUMMEY.

Allegations in an indictment for the common law misdemeanor of keeping a common gaming house, that the same was feloniously, as well as unlawfully done, and against the statute, may be rejected as surplusage.

Such indictment need not allege the names of the players, or that they were unknown. Such offense is not within *Gen. Stat.*, ch. 99, sec. 9, nor exclusively within the jurisdiction of the city justice of St. Paul, though committed within the city limits.

The city charter, in authorizing the common council to prohibit gaming, did not abrogate or suspend the common law within the city of St. Paul.

Nor is the common law against keeping a common gaming house superseded by the ordinance passed by such council, (*charter and ordinance of St. Paul, p.* 298,) prohibiting gambling, and providing for the punishment of any one who shall keep a house or place for the purpose of gambling.

An indictment was found against the defendant in the district court for Ramsey county, charging that on the 20th April, 1869, and at divers times between that day and the 16th December, 1869, the date of the indictment, he "unlawfully, wilfully and feloniously" kept a common gaming house in the city of St. Paul, and suffered divers idle and evil disposed persons to frequent the same, and to play at certain enumerated unlawful games therein. The indictment did not state the names of the players, or that they were unknown, and concluded "to the great damage and nuisance of all the good people of the state," &c., and "contrary to the statute in such case made and provided, and against the peace," &c.

The defendant demurred to the indictment on the ground, 1st, that the grand jury had not legal authority to inquire into the offense charged ; 2nd, that the indictment does not substantially confirm to the requirements of secs. 1, 2, 3, 4 and 10 of chap. 108, Gen. Stat.; 3d, that more than one offense is charged in the indictment ; 4th, that the facts stated do not constitute a public offense ; 5th, that the offense charged is exclusively within the jurisdiction of the city justice of the city of St. Paul.

The demurrer was overruled, and the defendant pleaded not guilty, with a further plea that, by virtue of the authority given by the city charter, the common council of St. Paul had,

by ordinance, prohibited the keeping of disorderly houses and nuisances, and had provided for the trial and punishment, by proceedings before the city justice of the city, of whoever should keep a disorderly house, or suffer or commit any nuisance, and that these are the same offenses charged in the indictment.

. A demurrer to this plea being sustained, the defendant withdrew his plea of not guilty, pleaded guilty, and was sentenced to pay a fine, and, in default of payment, to be imprisoned. From this sentence, and from the rulings of the court upon his demurrer and plea, the defendant appeals.

C. K. DAVIS, for Appellant.

F. R. E. CORNELL, Attorney General.

*By the Court.*—RIPLEY, CH. J.—This indictment is not open to the objections urged upon the demurrer.

. It charges a public offense, viz : the common law misdemeanor of keeping a common gaming house, and though it alleges the same to be " feloniously," as well as unlawfully done, and against the form of the statute, these allegations may be rejected as surplusage, and the indictment will then be good for a nuisance at common law

*Com. vs. Squire,* 1 *Met.* 258 ; *Com. vs. Shattuck,* 4 *Cush.* 143 ; *Rex vs. Rogier,* 2 *Dowl. & Ryl.* 43 ; 1 *Barnwell & Cresswell* 272 ; *Archbold Cr. Pl.* 119.

The cases cited by plaintiff in error to the point, that the names of the players should be stated, or that they were unknown, were of indictments on statutes against offenses other than the common law misdemeanor in question ; while counts framed under provisions against similar misdemeanors, as keeping a room or building, &c., to be used and occupied for

State of Minnesota v. Crummey.

gambling, in cases cited by plaintiff in error, (*Sowle vs. State,* 11 *Ind.* 492; *Buck vs. The State,* 1 *Ohio St. Rep.* 61,) are held good without such averment, the offense, in analogy to the rule at common law, being held complete, whether any gambling was in fact done there or not; and it being therefore unnecessary to make any averments as to that fact or the persons who did it. *Buck vs. State,* 1 *Ohio St. Rep.* 61, *p.* 64.

The offense of keeping a common gaming house is not within *Gen. Stat. ch.* 99, *sec.* 9., nor is this offense exclusively within the jurisdiction of the city justice.

His jurisdiction is exclusive as to the breach of any ordinance, (*Laws of* 1868, *Act of March 6th, ch.* 3, *sec.* 11; *p.* 259, *Sp. Laws of* 1870, *sec.* 5,) not of offenses at common law.

The common council, by sec. 3 of said act of March 6th, 1863, have authority to prohibit gaming and playing cards, dice, and other games of chance.

The statute cannot be construed into an abrogation or suspension of the common law within the city of St. Paul.   1 *Bishop Cr. Law,* § 197, 8, 9, 200.

And though, in pursuance of the authority thus given, the common council has passed ordinances prohibiting gambling, and providing for the punishment of any one who shall keep a house or place for the purpose of gambling (*Ch. and Ordinance of St. Paul, p.* 298,) such affirmative legislation in no way supersedes the common law against keeping a common gaming house.   1 *Bishop's Cr. L. supra.*

It cannot be said, as is held in some states, that the ordinance repeals by implication the common law, as covering the whole ground occupied by the latter.

The offender at common law is prosecuted by indictment, and punishable by fine and imprisonment.

Under the ordinance he is prosecuted by complaint in the name of the city before the justice, and punishable by fine

only. And if this were not so, a repeal by implication can only arise where the later statute is so inconsistent with the former that both cannot stand together. 1 *Bishop Cr. L.*, § 197, 199, 202.

But by the city charter, its ordinances, in so far as they are repugnant to or inconsistent with the constitution or laws, have not the force of law.

The ordinance could not, therefore, have the effect of thus repealing the common law, for it would be a nullity in so far as it was inconsistent therewith.

Judgment must be entered affirming the judgment of the district court, and directing its sentence to be executed.