CHIEF JUSTICE SIMPSON
delivered the opinion of the court:
Andrew Barnett died in 1847, having previously made and-published a last will and testament. He left a wife, but no child. He was the owner at the time of his death of a considerable estate in lands, slaves, and personalty. His widow, within twelve months after his death, renounced, according to law, all benefit of the provisions of his will. She shortly thereafter departed this life, no dower in her husband’s real estate having in the meantime been assigned her.
*257 This action was brought by her administrator against the administrator with the will annexed of her husband, for that part of the estate to which she was entitled on her renunciation of the provisions of the will.
Her right to a moiety of the surplus of the personal estate which belonged to her husband at the time of his death, after the payment of debts and expenses, is not controverted. But her husband having, by his will, directed a sale to be made by his executors of a part of his lands and slaves, and the proceeds to be paid to the devisees therein named, and the administrator with the will annexed having made sale thereof after her death, her administrator claims one half of the proceeds of said sales, upon the ground that the lands thus sold were converted into money by the will of the testator, and must be regarded as personal property at the time of his death. The right of her administrator to any part of these proceeds is controverted by the administrator of her husband, and this disputed claim is the principal matter in controversy between the parties.
By the act of 1797, (2 Stat. Law, 1544,) which was the law in force at the time of the testator’s death, it was provided that when any widow should not be satisfied with the provision made for her by the will of her husband, she might, within one year from the time of his death, renounce all benefit which she might claim by the will, and thereupon she should be entitled to one third part of the slaves during her life, whereof her husband died possessed; and she should, moreover, be entitled to such share of Ms other personal estate, as if he had died intestate, to hold as her absolute property. Had the husband died intestate, the widow in this case would have been entitled to one moiety of his personal estate, inasmuch as he left no child. There does not seem to us to be any difficulty in determining what constitutes Ms personal estate. Only such estate as belonged to him, and had assumed the character of personal estate in his lifetime, can with any propriety be denominated Ms personal estate. The principle that land directed to be sold and turned into money, is to be considered as that species of property into which it is directed to be converted, is fully established. *258 Consequently the testator, by directing a sale of his land and slaves, and the payment of the proceeds to the devisees mentioned by him, impressed upon th'e property directed to be sold the character of money. But as his will did not take effect until after his death, that character was not impressed upon the property whilst it remained his. During the time it remained his property it consisted in lands and slaves; no conversion of it took place in his lifetime, and the conversion which was made by his will occurred after the property had passed from him, and at the time the right to it vested in his devisees. It never, therefore, constituted a part of his personal estate, and his widow had no right to it as being that kind of property.
Having renounced the will of her husband, the widow had an undoubted right to dower in all the lands which belonged to him at the time of his death. The lands, a sale of which was directed by his will, belonged to him when he died, and she was therefore entitled to dower in them. Whether it was assigned her in her lifetime or not, is immaterial. The question is, was she entitled to it ? If she was, she certainly could not claim any interest in the proceeds of the sales of the other two thirds, because having a right to dower in the property as real estate, she could not at the same time claim an interest in it as personal estate. It could not be at one and the same time both real and personal in its character.
But there is one principle of the doctrine of equitable con-versón which demonstrates most conclusively that a widow, having renounced her husband’s will, has no right to consider as personal estate lands which have been directed to be sold by the testator, and the proceeds paid over to the devisees. Although a new character may have been in the most unequivocal terms impressed upon property by means of a trust for conversion, yet such constructive character is liable to be determined by the act of the persons beneficially entitled, who may, at any time before the conversion actually occurs, elect to take the property in its then condition. This right is wholly inconsistent with that claimed on behalf of the widow. For if the devisees, before a conversion of the lands, should elect to take *259 tbe property in its actual instead of its destined state, a conversion would be thereby prevented, and the character of the property be changed from that impressed upon it by the testator to that which it actually possesses.
The case of Loughborough's executor vs. Loughborough's devisee, &c., (14 B. Mon., 553,) has been cited in support of the position that the widow’- had a right to consider as personal estate the real estate which her husband by his will directed his executors to sell and convert into money. In the case referred to, however, the real estate of the husband was equitably converted in his lifetime by deed, and had the character of personalty impressed upon it before his death. The difference between the two cases is perfectly obvious. In one case the character of the real estate was changed in the lifetime of the husband; in the other the change did not take place until after his death. This distinction is alluded to in the case referred to, where it is said in the opinion that the equitable conversion spoken of “ differs in the case of a deed from that of a will; the will speaks from the death, the deed from the delivery.” “ The property is converted in the lifetime of the author of the deed, whereas in the case of a will the conversion does not take place until the death of the testator.” And because the property had been converted in the lifetime of the testator, the court in that case decided that it should, for the purposes of distribution, after his death, be considered and treated as personal estate. The reasoning upon which that decision was founded, instead of conflicting with, fully sustains the principles of this opinion.
The widow was entitled to such share of her husband’s personal estate as she would have been entitled to had he died intestate; and in ascertaining that share, his estate is to be regarded and treated as if he had died intestate. ITer interest in the estate can be neither increased or diminished by any of the provisions of the will. It must be ascertained and determined as if there were no will in existence.
The claim set up by the administrator of William Barnett against the estate of Andrew Barnett was barred by the statute of limitations and properly disallowed. But the circuit court *260 erred in treating the proceeds of the sales of the land and slaves as part of the husband’s personal estate.
Wherefore, the judgment is reversed, and cause remanded for further proceedings in conformity with this opinion.