## LACY vs. THE STATE.

Section 1 of chapter 165, R. S. 1858, which relates to the willful and malicious burning by one person of the dwelling house of another in the night time, defines three distinct offenses: 1. Where the life of any person is destroyed thereby; in which case the penalty is the same as that for murder in the second degree. 2. Where the house is *lawfully occupied* at the time the offense is committed, but no life is lost thereby; in which case the penalty is imprisonment in the state prison not more than fourteen nor less than seven years. 3. Where there is no person lawfully in such dwelling house at the time the offense is committed; in which case the penalty is imprisonment in the state prison not more than ten nor less than three years.

In an indictment for an offense of the second class, the fact that some person was *lawfully* in the dwelling house burned, should be distinctly alleged, and not left to inference from averments made.

An indictment under said section charged that the defendant in the night time, wilfully, &c., did set fire to and burn a barn of one M. G., and that by the

January Term, 1862.

LACY
v.
THE STATE.

burning of said barn, the dwelling house of said M. G. was in the night time burned and consumed, "*one* M. G. and his wife being then in said dwelling house," &c. *Held*, that inasmuch as the indictment did not allege that **any** person was *lawfully* in said dwelling house, a conviction under it was not sufficient to sustain a judgment of imprisonment in the state prison for *fourteen* years.

*Held also*, that the facts charged in the indictment constituted the *third* offense defined in said section; and it was not necessary in charging such offense to negative the aggravating circumstances which would constitute the first or second offense there defined.

The judgment in this case, not being warranted by law, was reversed, and the prisoner remanded to the custody of the sheriff of the proper county, to be kept until the proper judgment should be rendered.

ERROR to the Circuit Court for *Winnebago* County.

*A. L. Collins*, for the plaintiff in error, cited 12 Met., 242; 3 id., 327; 1 id., 264; 7 Gratt., 623; 16 Pick., 154; 10 Cush., 478; 15 Wend., 159; 2 Coms., 245.

*The Attorney General*, for the state.

March 15.

*By the Court*, COLE, J. The plaintiff in error was indicted, tried and convicted for wilfully, maliciously and feloniously setting fire to and burning a barn of one Manoah Griffin, in the city of Oshkosh, by which burning the dwelling house of said Griffin was burned and consumed·; and he was sentenced to fourteen years imprisonment in the state prison.

It is now claimed that this judgment is not warranted by the indictment.

The indictment was undoubtedly found under section one, chapter one hundred and sixty five, *R. S. 1858*, and consists of four counts. There is no essential difference, however, in these counts in respect to the particular objection taken to them. In the first it is charged that the plaintiff in error did, on or about the hour of eleven, in the night time of the 10th day of May, 1859, "wilfully, maliciously and feloniously set fire to and burn a certain building of one Manoah Griffin there situate, called a barn, and that by the burning of said barn the dwelling house of the said Manoah Griffin, there also situate, was then and there in the night time feloniously, wilfully and maliciously burned and consumed, one Manoah Griffin and the wife of the said Manoah Griffin being then in said dwelling house, contrary" &c.

We are of opinion that section one, chapter 165, creates three distinct statutory offenses, in relation to the burning of a dwelling house. The first is the willful and malicious burn- ing of the dwelling house of another in the night time, ei- ther by setting fire to it directly, or by setting fire to another building by the burning of which said dwelling house shall be burned, in the night time, *whereby the life of any person shall be destroyed.* This is the highest and most aggravated offense, the punishment of which is the same as is provided for the crime of murder in the second degree.

Second, burning the dwelling house of another in the night time, or setting fire to another building, whereby such dwelling house is burnt in the night time, *the dwelling house being lawfully occupied at the time, but no life destroyed,* is the next offense; the punishment of which is imprisonment in the state prison, not more than fourteen, nor less than seven years.

The third offense is the burning of a dwelling house, under like circumstances, *there being no person lawfully in the dwelling house* at the time it is so burned, which offense is punishable by imprisonment in the state prison, not more than ten, nor less than three years.

It is very obvious that the plaintiff in error was sentenced for the commission of the second offense, since his imprisonment was for fourteen years. It is now insisted that this judgment is not warranted by the indictment, because there is no allegation therein *that there was a person lawfully in the dwelling house* when it was so burnt. It appears to us that this objection is valid and must prevail. From the portion of the indictment above cited, it will be seen that it is in effect alleged that the barn and dwelling house burned were the property of Manoah Griffin, but it is not alleged that Manoah Griffin, who owned the property, with his wife, occupied the dwelling house when it was so burnt. The allegation upon this point is, "one Manoah Griffin and the wife of the said Manoah Griffin being then in said dwelling house." But this is not equivalent to saying that *they were lawfully in the dwelling house* so burnt. Had the pleader used the word "said" instead of the word "one," it might have been plaus-

ibly argued that it was tantamount to alleging that Manoah Griffin and wife were lawfully in the dwelling house when consumed; because the legal inference would be that a man lawfully occupied a dwelling house which he owned. But this would be a legal conclusion from the facts averred, rather than a specific allegation of a circumstance made material by the statute. It is certainly not impossible that there might be one Manoah Griffin who owned the dwelling house, and another by the same name unlawfully in it when it was consumed. But still if we are right in the construction which we have put upon the statute, viz: that the fact that a person is lawfully in the dwelling house when burned is a material circumstance to constitute the second offense, then it is obvious that such fact should be distinctly alleged, and not be left to inference from averments made. That the legislature considered the circumstance that a person was lawfully in the dwelling house when fire was set to it, most material and important, and as greatly aggravating the crime, is clear from the severity of the punishment imposed. If a person were lawfully in the dwelling house, whose life was placed in jeopardy by the fire, the crime might well be pronounced of a more atrocious character and deserving of a severer punishment, than the burning of an unoccupied dwelling house. And no human life being in danger, that circumstance might properly be deemed to mitigate the offense and the punishment imposed. Therefore, considering the high degree of certainty requisite in criminal pleadings, it is impossible to say that either count in the indictment states those facts and contains those allegations necessary and essential to bring the case within the second class of offenses mentioned in section one, chapter 165. The fact that persons were lawfully in the dwelling when it was set fire to, should have been expressly stated, and not left to loose inference or implication from other circumstances alleged. So we are of the opinion that the indictment did not authorize the judgment which was given.

The attorney general argued and insisted, that though the indictment might not warrant the judgment for imprisonment in the state prison for fourteen years, yet it did state facts

sufficient to constitute the offense of burning a dwelling

house not lawfully occupied at the time, for the commission of which offense the plaintiff in error might be imprisoned for ten years under the third clause of the section. It appears to us that this is a correct position. All the counts of the indictment undoubtedly charge the willful and malicious burning of a dwelling in the night time, but without a sufficient averment that the dwelling was lawfully occupied by any person at the time. The matters alleged show that the minor offense was committed, and therefore it may be punished as such. It was not necessary to aver that the dwelling house was temporarily unoccupied, or to negative those aggravating circumstances which would constitute the higher statutory offense. If the indictment, with proper distinctness, sets forth facts showing a willful and malicious burning of the dwelling house in the night time, this is a crime punishable by imprisonment in the state prison for ten years. Upon this point we suppose the principle to be correctly stated in *Larned et al. vs. The Commonwealth*, 12 Met., 240, 242. In that case the court say, "if certain acts are, by force of the statute, made punishable with greater severity when accompanied with certain aggravating circumstances, thus creating two grades of crime, it is no objection to an indictment that it charges the acts which constitute the minor offense, unaccompanied by any averment that the aggravating circumstances did not exist. In such cases the offense charged is to be deemed the minor offense, and punishable as such." See *Commonwealth vs. Squire*, 1 Met., 258 ; *Devoe vs. The Commonwealth*, 3 id., 316 ; *Curran's Case*, 7 Grattan, 619.

This being a correct view of the law, we have no doubt that it would be competent and proper for the circuit court to sentence the plaintiff in error upon the indictment under the third clause of section one. The facts alleged clearly bring the case within that provision of the statute. Though the judgment rendered is not warranted by the indictment and must therefore be reversed, still this does not involve the necessity of a new trial. The plaintiff in error may be sentenced on the indictment for the commission of an offense of the

third class. We can see no hardship in this, because if the proof was sufficient to warrant a sentence of fourteen years imprisonment on a proper indictment, it would authorize an imprisonment for ten years, as a punishment for the crime which was well charged in the indictment. And chapter 364, Laws of 1860, provides, on the reversal by this court of a judgment in a criminal case, for any defect, illegality or irregularity in the proceedings subsequent to the verdict, that the cause may be remitted to the circuit court to pronounce the proper judgment. We are disposed to adopt that practice in this case. In giving judgment the circuit court will undoubtedly take into account the time the plaintiff in error has already been imprisoned in the state prison.

The judgment must be reversed, and the plaintiff in error taken to the county of Winnebago by the sheriff, and kept in safe custody until the next term of the circuit court for that county, when the proper judgment will be given.