## STATE vs. KROSCHER.

INDICTMENT : *Variance — Negativing aggravating circumstances.*

1. An indictment for arson alleged that the accused feloniously, etc., set fire to a store building occupied by him and owned by M., in consequence whereof the dwelling-house of A. was feloniously, etc., burnt and consumed.    Proof, that the building set on fire was owned by M., and the lower part occupied by the accused as a store or shop, and the upper part by T. as a dwelling.    *Held*, that the variance was unimportant, under sec. 11, chap. 172, R. S.
2. In an indictment for the third offense defined in sec. 1, chap. 165, R. S., it is not necessary to *negative* the aggravating circumstances which would constitute the first or second offense there defined.

REPORTED by the Circuit Court for *Rock* County.

The defendant was found guilty upon an indictment for arson, and the cause was reported to this court by the

---

* See 22 Wis., Appendix B., p. 709.

State vs. Kroscher.

circuit judge for an opinion upon three questions: 1. Whether there was a variance between the indictment and the facts proven; 2. Whether the indictment properly set out the ownership of the building to which the accused was charged with setting fire; 3. Whether the indictment should not have alleged whether or not the life of any person was destroyed by means of such burning.

*W. H. Ebbets*, for the defendant.

*H. A. Patterson*, District Attorney of Rock county, for the state.

DIXON, C. J.   The first two questions reported for our opinion seem to be fully answered by the provisions of a statute to which the attention of neither court nor counsel was directed on the trial below, and which was not cited on argument in this court.   We refer to section 11, chapter 172, R. S., which is in these words: "In the prosecution of any offense committed upon, or in relation to, or in any way affecting, any real estate, or any offense committed in stealing, embezzling, destroying, injuring, or fraudulently receiving or concealing, any money, goods, or other personal estate, it shall be sufficient, and shall not be deemed a variance, if it be proved on the trial that at the time when the offense was committed, either the actual or constructive possession, or the general or special property, in the whole or any part of such real or personal estate, was in the person or community alleged in the indictment or other accusation to be the owner thereof."

Comments upon these provisions, with reference to the facts of this case, seem almost unnecessary.   The offense was one which related to real estate.   It was arson, for willfully, maliciously, and feloniously setting fire to and burning a store building occupied by the accused, and owned by one John Mitchell, by the kindling of which fire and burning of which building, the dwelling-house of one Jacob Aberle, then and there situate, was feloni-

Vol. XXIV. — 5.

ously, willfully and maliciously burnt and consumed. Such, in general terms, is the charge of the indictment. The facts established in evidence at the trial were, that the accused, *Kroscher*, occupied the lower part of the building set fire to, as a store or shop; that one Mrs. Towne and her children occupied the upper story as a dwelling-house; and that Mitchell was the owner of the building. Here was no variance, within the words of the statute. The actual possession was, *in part*, in the accused, the person alleged in the indictment to have been in possession thereof; and the general property was *wholly* in Mitchell, the person therein alleged to have been the owner.

The third and only remaining question reported is answered by the decision of this court in *Lacy v. The State*, 15 Wis. 13, which was an indictment under the same section of the statute, and presented the same question. We there held, that, in an indictment charging the *third* offense defined in the section, it was not necessary to negative the aggravating circumstances which would constitute the first or second offense therein defined.

*By the Court.* — There is no error in the proceedings, and the court below should award judgment against the defendant for the offense of which he has been lawfully convicted.