COMMONWEALTH *vs.* JOHN REYNOLDS.

Norfolk.    March. 26. — May 4, 1877.    LORD & SOULE, JJ., absent.

An indictment on the Gen. Sts. c. 161, § 14, providing for the punishment of the crime of breaking and entering a building in the daytime with intent to commit larceny, need not allege that the offence was committed in the daytime.

Under an indictment charging the breaking and entering of a building with intent to commit the crime of larceny therein, without stating whether the offence was committed in the night-time or in the day, the time of breaking and entering is immaterial, but the accused can only be punished for the lesser offence.

Statements, made by a defendant in a criminal case at a former trial, are admissible in evidence against him, either as admissions or to contradict him.

An indictment for breaking and entering " a certain building, to wit, the dwelling house of A.," is sustained by proof of breaking and entering a house owned by A. and unoccupied.

INDICTMENT alleging that the defendant on June 9, 1876, at Brookline " with force and arms, a certain building there situ

ate, to wit, the dwelling-house of one Ignatius Sargent, did break and enter, with intent to commit the crime of larceny therein, against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the Superior Court, before *Putnam, J.*, the government called two witnesses who testified to a breaking and entering of the house described upon the day named; they were then asked to state at what time the entry was made. The defendant objected to this evidence, on the ground that, if the indictment charged any offence, it must be taken to be that of breaking and entering in the daytime, and that no evidence of the time could be introduced except upon preliminary proof that the time was computed according to mean time at Brookline on the day named. The judge ruled that the defendant could only be sentenced, under this indictment, if found guilty, for the offence of breaking and entering in the daytime, but allowed the government to ask the question, without any further preliminary proof. The witnesses then stated that one of them looked at his watch at the time of the entry, and that it was then twenty minutes past eight o'clock in the evening. There was also other evidence as to the accuracy of the watch, and that the sun set at thirty-seven minutes past seven on that day, which was admitted against the defendant's objection, but which need not now be stated.

One of the witnesses for the government was asked, on his direct examination, what the defendant, when testifying in his own behalf, upon a former trial of this case, testified as to his connection with this transaction. The defendant objected, but the judge allowed the question to be put, and the witness stated that the defendant, at such former trial, testified that he was then at this place with the intention of taking away some lead. The defendant afterwards testified in his own behalf and as the witness had stated that he testified on the former trial.

At the close of the evidence, the defendant asked the court to direct a verdict of acquittal, upon the ground that there was no competent evidence that the breaking and entering charged took place in the daytime; but the judge declined to direct a verdict as requested, and instructed the jury, that, upon the evidence,

they were to say whether or not the offence was committed within one hour after sunset, mean time, at Brookline.

The evidence showed that the dwelling-house in question was owned by Ignatius Sargent; that it had been occupied by a tenant up to July 8; that on that day the tenant had moved out, so that it was unoccupied on July 9; that some of the tenant's goods remained in the building at the time of the breaking, and the key of the dwelling-house was not delivered up to the said Sargent by the tenant until some days after. On this evidence, the defendant contended that the jury could not find that the dwelling-house was the dwelling-house of Ignatius Sargent. The judge ruled otherwise.

After a verdict of guilty, the defendant moved in arrest of judgment, for the reason that " the indictment charges no offence. under the laws of the Commonwealth of Massachusetts, and this court has no jurisdiction to sentence him under the same, as it contains no allegation that the breaking and entering set forth was committed either in the daytime on the one hand, or in the night-time on the other, and no averment showing whether it was committed in the daytime or in the night-time. The judge overruled the motion and, with the consent of the defendant, reported the case for the consideration of this court. If the rulings were correct, the verdict was to stand; otherwise, a new trial was to be ordered.

*M. Williams, Jr.*, for the defendant.

*W. C. Loring*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

ENDICOTT, J. It is provided in the Gen. Sts. *c.* 161, § 12, that whoever breaks and enters a building in the night-time with intent to commit the crime of larceny shall be punished by imprisonment in the state prison not exceeding twenty years ; and in § 14, that breaking and entering with like intent in the daytime shall be punished by imprisonment in the state prison not exceeding five years, or by fine and imprisonment in jail. These two sections impose different punishments, for distinct species of the same genera¹ crime, according as the offence is committed in the daytime or the night. The breaking and entering with intent to commit larceny must be alleged in an indictment found under either section. To convict under § 12, the indict-

ment must allege that it was done in the night-time, for that being an aggravation of the crime, and subjecting the party to the severer penalty, the crime with the aggravation must be charged and established. *Hopkins* v. *Commonwealth*, 3 Met. 460. But if the same general crime is charged without the aggravating circumstances, it is a good indictment under § 14, and it is not necessary to negative the aggravating circumstance by alleging that the crime was committed in the daytime. The crime here is properly charged; the indictment sets forth the crime without the aggravation, and clearly indicates the punishment to be awarded. The words "in the daytime" in § 14, are not intended merely to give character to the offence and to describe it, but to distinguish it from the higher grade of the same offence committed in the night-time. *Devoe* v. *Commonwealth*, 3 Met. 316, 327. *Commonwealth* v. *Squire*, 1 Met. 258. *Commonwealth* v. *Hamilton*, 15 Gray, 480. *Larned* v. *Commonwealth*, 12 Met. 240, 243.

We are therefore of opinion that the allegation that the offence was committed in the daytime was not essential, and that it was competent for the government to prove the breaking and entering with intent to commit larceny; whether in the daytime or night was immaterial; the defendant could only be convicted and be liable to punishment under § 14. If the jury were satisfied that it was done in the daytime, it came within the language of the section; if in the night-time, then proof of the aggravated offence would justify conviction for the offence of lower grade. The defendant cannot complain, if the offence was committed in the night-time, that he has been subjected to the lesser penalty; and his conviction will be a bar to any subsequent indictment charging him with the same offence with the aggravating circumstance. *Commonwealth* v. *Burke*, 14 Gray, 100, and cases cited. The evidence as to the hour when the offence was committed becomes immaterial, and its competency need not be considered.

The defendant relies upon *Commonwealth* v. *M'Laughlin*, 11 Cush. 598. That case recognizes the general rule above stated; but the court held that under two different statutes framed at different times, Rev. Sts. *c.* 126, § 14, and the St. of 1845, *c.* 28, relating to larceny from a vessel, the Legislature intended to

make stealing from a vessel in the night-time a distinct and separate offence from that of stealing from a vessel in the daytime · and that evidence of the offence committed in the night-time was not competent under an indictment charging the larceny in the daytime. If that was the true construction of the two statutes, the decision was correct; but as the two statutes have since been embodied in the Gen. Sts. *c.* 161, § 15, where no distinction is made between offences committed in the day or night, it is unnecessary to consider the soundness of the construction. The case of *Hopkins* v. *Commonwealth*, 3 Met. 460, is cited in *Commonwealth* v. *M'Laughlin*, in support of the decision. But *Hopkins* v. *Commonwealth* only decides that a party indicted for a simple larceny of property in a dwelling-house cannot be sentenced for an aggravated larceny ; on the ground that, either through accident or design, under the Rev. Sts. *c.* 126, § 14, stealing in the night-time from a dwelling-house was not an aggravation of a simple larceny, but that stealing in the daytime was, and therefore that the plaintiff in error could not, under an indictment not charging the aggravation, be sentenced to the punishment imposed for the aggravated offence ; and the aggravation must be charged in order that the increased penalty may be imposed. This is entirely in accordance with the decisions previously cited, and we cannot regard *Commonwealth* v. *M'Laughlin* as determining the question that stealing from a building is a separate and distinct offence, according as it is done in the night-time or the day.

The statements made by the defendant while testifying at a former trial were competent, either as admissions or for the purpose of contradicting him. They were voluntary statements, in regard to his connection with the transaction, and it is immaterial where or when they were made.

The indictment charges that the defendant " with force and arms a certain building, to wit, the dwelling-house of Ignatius Sargent, did break and enter." The evidence showed that the house was owned by Sargent and unoccupied. That he did not occupy it at the time as his dwelling was immaterial. He had the actual or constructive possession, or a general or special property in it. Gen. Sts. *c.* 172, § 12. The gist of the charge is that the defendant broke and entered a certain building, and

for the purpose of identification merely, and not to give a legal character to it as a dwelling, it is alleged to be the dwelling-house of Sargent.

The rulings of the presiding judge were correct, and the entry must be                                *Judgment on the verdict.*