THE STATE vs. KANE and others.

*April 10 — April 28, 1885.*

CRIMINAL LAW AND PLEADING. *(1) Negative words in definition of crime. (2) Burglary: Value of goods.*

1. Where different grades of the same general offense are defined in the statute, certain special circumstances being included as essential elements in the definition of the higher grade and excluded by negative words in the definition of the lower grade, an information charging the lower grade of the offense need not negative the presence of such circumstances. Thus, an information for a burglary under sec. 4410, R. S., need not allege that the building entered was "not adjoining or occupied with any dwelling-house."

2. In an information for burglary it is not necessary to allege the value of the goods which the accused intended to steal.

REPORTED from the Circuit Court for *Milwaukee* County.

The case is stated in the opinion.

For the plaintiff the cause was submitted on the brief of *J. M. Clarke*, District Attorney.

For the respondents there was a brief signed by *P. J. Somers* and *A. C. Brazee*, attorneys, and *W. H. Austin*, of counsel, and the cause was argued orally by *Mr. Austin:*

The offense charged is a statutory one, and the words "not adjoining," etc., being descriptive of the offense must be pleaded. Sec. 4409, R. S., is first found as sec. 11, p. 352, Terr. Stats. of 1839, which with sec. 12 is identical with secs. 11, 12, R. S. of Mich. of 1838; then as sec. 11, ch. 134, R. S. 1849, and sec. 11, ch. 165, R. S. 1858, which are identical with sec. 12, p. 1512, Comp. Laws of Mich. of 1857. As early as 1860 the Michigan court adopted the construction here contended for. *Koster v. People*, 8 Mich. 431. And the principle was reaffirmed in *Byrnes v. People*, 37 Mich. 515, and *Moore v. People*, 47 id. 639. The statute of Massachusetts of 1836 (ch. 126, sec. 11) was the same, and

in *Comm. v. Tuck*, 20 Pick. 362, it was held that the words in question must be pleaded. See, also, Plowden, 410; *U. S. v. Cook*, 17 Wall. 168; *Comm. v. Hart*, 11 Cush. 130; *State v. Philbrick*, 31 Me. 401; *Markle v. State*, 3 Ind. 535; *Lambert v. People*, 9 Cow. 578; *Lewis v. State*, 16 Conn. 32.

ORTON, J.   The defendants were tried and found guilty on the following information, to wit:   That they on, etc., and at, etc., "the store building of Henry Koch, Jr., as the administrator, etc., there situate, in the night time of the same day, then and there unlawfully, feloniously, and burglariously, did break and enter, with intent then and there the goods, chattels, and property of said Henry Koch, Jr., as administrator, then and there in the said store building being found, then and there feloniously and burglariously to steal, take, and carry away, contrary to the statute," etc. Pending a motion in arrest, the learned judge of the circuit court reported the case to this court as far as was necessary to present certain questions of law arising therein, by virtue of sec. 4721, R. S., for its decision.   The questions so propounded are as follows:   (1) "Whether or not it is incumbent for the state, in charging an offense under sec. 4409 of the Revised Statutes for 1878, to allege the negative provided for in said section, and contained in the language 'not adjoining or occupied with a dwelling-house.'"   (2) "Whether said language is a material part of the description of the offense provided against in said section." (3) "Whether or not this court can properly sentence said defendants upon said information under said section." (4) "Whether or not said information properly charges any offense known to the law."

The several kinds or degrees of the general offense of burglary, as defined by our statute, are as follows:   In sec. 4407, breaking and entering any dwelling-house in the night time, with intent, etc., any person being lawfully therein,

and the offender being armed with a dangerous weapon, etc. In sec. 4408, breaking and entering, in the night time, any dwelling-house, with such intent, etc., *not being armed with a dangerous weapon*, etc. In sec. 4409, breaking and entering, in the night time, any office, shop, or warehouse, or any other building, *not adjoining or occupied with any dwelling-house*, with such intent. In sec. 4410, entering, in the night time, without breaking, or breaking and entering in the day time, any dwelling-house, or any out-house thereto adjoining and occupied therewith, or any office, shop, etc., with such intent. For the first grade of the offense as above defined the punishment is imprisonment in the state prison from five to fifteen years; for the second, from three to eight years; for the third, from one to five years; and for the fourth, from one to three years, or in the county jail from six months to one year. Sec. 4411 does not create any new or other grade of burglary, but establishes only a rule of evidence by making any unlawful entry of a dwelling-house, or other building, with such intent, a *breaking* and *entering*.

It is evident that this information was not drawn and cannot stand under any of these sections except sec. 4409, and the only ground taken by the learned counsel of the defendants why it cannot stand under that section, and does not describe the grade of burglary therein defined, is that the negative words, "not adjoining or occupied with any dwelling-house," are not stated in the information as an allegation of fact in the necessary description of the offense.

Burglary at common law is "the breaking and entering into a dwelling-house, or a building immediately connected therewith, in the night, with intent to commit a felony." The grade of the offense established by and described in sec. 4409 of our statute was unknown at the common law, and is a lower grade of the offense, by reason of its making

a certain kind of burglary consist of breaking and entering a building which is neither a dwelling-house nor one immediately connected therewith; or, in the words of the section, a building "not adjoining or occupied with any dwelling-house," with such intent. In one sense it is proper to say that the above section creates and defines a new and distinct offense, different from burglary at common law, by extending the common-law offense to embrace buildings other than those mentioned therein. But, in another and stricter sense, it creates only a lower grade of the common-law offense of burglary. Murder, at common law, in the same sense, is defined by general words of apt and strict meaning. But our statute, as well as the statutes of other states, have established and defined different grades of murder, as in the first, second, and third degrees, each having its own special elements; and yet in each case it is murder. This distinction must be borne in mind when considering the necessity of alleging negative words, found in the statutory definition of the offense, or the different grades of the same general offense created by statute.

The rule asserted by the learned counsel of the defendants is undoubtedly correct, that every circumstance necessary to an exact description of the offense as defined by the statute *creating it* must be critically set forth. *In re Booth,* 3 Wis. 157. But this rule is limited to entire and distinct offenses created and defined by the statute. In such cases the indictment or information must fully and particularly describe the offense in all its essential elements or it is not described at all. But this rule cannot apply to different grades of the same general offense, where the higher grade is made to consist of certain special particulars or circumstances affirmatively expressed as the necessary ingredients of the offense, and a lower grade thereof is made complete by excluding certain elements of the higher grade by negative words. Charging the lower grade, and leaving out

or omitting such elements of the higher, is a full and complete allegation of the lower grade, without alleging specifically that they are omitted by the use of such negative words as the statute uses only for the purpose of creating it. The distinction is clearly apparent, although in some cases it has been either misapprehended or lost sight of. To illustrate: In charging common-law burglary, or burglary under secs. 4407 and 4408, the breaking and entering a dwelling-house, or building immediately connected therewith, or adjoining and occupied therewith, must be explicitly alleged. If, however, the information charges the breaking and entering of a building which is not alleged therein to be a dwelling-house or a building so connected therewith, and all the essential ingredients of a lower grade of burglary are alleged, then it is clear that the lower grade is fully and completely charged. The higher grade of the offense is not charged because this essential element thereof is omitted; and the lower grade is charged because it is omitted. These reasons might as well, perhaps, have been omitted, because this rule has been repeatedly sanctioned by the decisions of this court, and is really not an open question in this state.

This court has followed the decisions of the courts of Massachusetts in the sanction of this rule in respect of this particular grade of burglary, and the necessity of alleging the negative words found in the statute creating it, and which statute was borrowed by this state from that; and therefore the decisions of that state have been held to be sufficient authority on the question. But to repeat the reason of the rule can do no harm, especially as the courts are somewhat in conflict on the question. The statute of Massachusetts, in respect to this grade of offense, was substantially like sec. 4409, R. S., and our statute was borrowed and copied therefrom. In *Devoe v. Comm.* 3 Met. 316, Chief Justice SHAW, after explaining the statute and pointing out this change of the common-law offense in making the break-

ing of other buildings than dwelling-houses and buildings immediately connected therewith burglary, by the use of these negative words, says: "Supposing this to be the true construction of the statute, then the case is brought within the scope of a well-established rule which is, that where there are several species of the same general crime, with more or fewer circumstances of aggravation, and subject to a gradation of punishments, it is not necessary in the indictment to negative those circumstances which would render it more aggravated. . . . On these grounds the court are of opinion that this indictment was not defective and invalid by reason of not alleging that the office therein mentioned was *not adjoining to or occupied with a dwelling-house.*" In *Phillips v. Comm.* 3 Met. 588, the same question was again raised and referred to as decided in the previous case. These cases are so decided, without much discussion, in analogy to and by the authority of *Comm. v. Squire,* 1 Met. 258, which was a case of arson or burning under the statute making different grades of the offense and degrees of punishment. Sec. 3 of the statute made it an offense of the highest grade to burn a certain class of buildings, and the subsequent section under which the indictment was drawn made it an offense of lower grade to burn certain buildings " other than those mentioned in the third section;" and it was held that the words of exception need not be alleged in the indictment. In *Larned v. Comm.* 12 Met. 240, the same question was again raised in respect to an indictment which failed to allege these negative words in charging the offense described in this section, and the same ruling is repeated, referring to the above cases, and explaining *Comm. v. Tuck,* 20 Pick. 362, cited by the learned counsel of the defendants as establishing a different rule.

In *Lacy v. State,* 15 Wis. 15, the indictment was for burning a dwelling-house, and drawn under sec. 1, ch. 165, R. S. 1858, which makes three grades of the offense of burning a

dwelling-house: (1) Where the life of any person shall be thereby destroyed; (2) when no life has been thereby destroyed; and (3) when there was "no person lawfully in the dwelling-house at the time;" and there were three grades of punishment. The allegation in the indictment pertinent to this question was that the person whose life was destroyed was *in said dwelling*. The lowest grade of the offense is when there is no person *lawfully* in the dwelling-house burned. The defendant was convicted of the higher offense. It was held by this court that the conviction could not be sustained for the higher grade of the offense, because the allegation was not that such person was *lawfully* in the dwelling-house at the time; but it was further held that the defendant might be convicted under the indictment, because it was not so alleged, and that the indictment was good under the last clause of the section, although it did not allege that there was *no* person lawfully in the dwelling at the time. This was equivalent to holding that the omission to allege that the person was lawfully in the dwelling-house was a sufficient allegation that no person was lawfully therein. The present chief justice, in the opinion, says: "All the counts of the indictment, undoubtedly, charge the wilful and malicious burning of a dwelling-house in the night time, but without a sufficient averment that the dwelling was lawfully occupied by any person at the time. The matters alleged show that the minor offense was committed, and therefore it may be punished as such. It was not necessary to aver that the dwelling-house was temporarily unoccupied, or to negative those aggravating circumstances which would constitute the higher statutory offense. . . . Upon this point, we suppose the principle to be correctly stated in *Larned v. Comm.* 12 Met. 240, 242." After repeating the reasons given in that case for the rule, the chief justice cites also *Comm. v. Squire*, 1 Met. 258, and *Devoe v. Comm.* 3 Met. 316, and *Curran's Case*, 7 Grat. 619.

In *Bell v. State*, 20 Wis. 599, the indictment was for burglary, and the allegations material to this inquiry were as to the fact of some person being in the dwelling-house "armed with a dangerous weapon" at the time, or "*not* being armed with a dangerous weapon." It was held that if the indictment had alleged that some person was in said dwelling-house, "being armed with a dangerous weapon," it would be good under sec. 9, ch. 165, R. S. 1858; but the indictment being silent on that question, it was good under sec. 10 of that chapter, which sections are the same as secs. 4407 and 4408, of the present revision. Chief Justice Dixon said in his opinion that "such an indictment need not negative the being armed or arming with a dangerous weapon;" and he cites, in support of the principle, *Rex v. Pearce*, Russ. & R. C. C. 174, and *Rex v. Robinson*, id. 321, but omitted to notice the case of *Lacy v. State*, *supra*, which settled that question in this state. The brief of the attorney general, however, cited all of the above cases, as also *Fleming v. People*, 27 N. Y. 329. In *State v. Kroscher*, 24 Wis. 66, the same question was raised as in *Lacy v. State*, *supra*, and that case was reaffirmed and approved.

From the above it is clearly apparent that the precise principle involved in this case has been long established in this state, that such negative words need not be alleged in the information.

The only other question raised on the argument is that the information does not show that there was an intent to commit a felony, because the value of the property intended to be stolen is not stated so as to make the intended larceny a felony, under the definition of our statute. In *Hall v. State*, 48 Wis. 688, this precise question was decided, and it was held that it is not necessary to allege the value of the goods which the accused intended to steal, in an information for burglary.

It follows from the above that the questions reported by

the learned judge of the circuit court must be, and are hereby, answered as follows: First question, No; second question, Yes, but it is not necessary to allege it in the information; third question, Yes; fourth question, Yes.

*By the Court.*— Ordered accordingly.