O'Toole vs. The State.

O'Toole, Plaintiff in error, vs. The State, Defendant in error.

*November 11 — November 24, 1899.*

*Appeal and error: Sufficiency of evidence: Motion to set aside verdict: Order after judgment: Criminal law and practice: Evidence: Hearsay: Verdict: Ambiguity.*

1. Assignments of error predicated on the insufficiency of the evidence to support the verdict cannot be considered on writ of error, in the absence of a motion to set aside the verdict and grant a new trial on that ground, made before sentence and judgment.

2. An order refusing to set aside a judgment and grant a new trial, made after judgment, is not brought up for review by a writ of error to the judgment.

3. In a prosecution for robbery, testimony of policemen that the prosecuting witness, on the day after the robbery, identified the defendant as the man who committed it, is hearsay and therefore inadmissible; and when the circumstances were such as to justify argument upon the improbability of the prosecuting witness having been able to see his assailant sufficiently to identify him, its admission was prejudicial.

4. Where an information charged that the accused had been previously
   sentenced to state prison "by the circuit court of Douglas county,"
   proper practice would seem to require a finding to the effect that
   he had been previously sentenced as charged in the information.
   [Whether a finding that he had been previously sentenced "by a
   court of this state" rendered the verdict ambiguous, not deter-
   mined.]

ERROR to review a judgment of the superior court of
Douglas county: CHARLES SMITH, Judge.  *Reversed.*

On July 4, 1899, one Charley Frederickson, after spending
the evening at a resort in a somewhat disorderly part of the
city of Superior, started to return therefrom about 10:30
o'clock, and was pursued by two men, from whom he at-
tempted to escape, but who overtook him.  He was struck
in the back, but not seriously, whereupon one of them,
identified as the plaintiff in error, thrust his hand into Fred-
erickson's pocket, and after a struggle carried off his pocket-
book, containing money.  Upon the trial the complaining
witness, Frederickson, testified that, although the night was
dark and there was no moon, he saw the face of the plaint-
iff in error, and was able to state positively that he was the
man who took from him the pocketbook.  Thereupon the
prosecution introduced in evidence the testimony of two
police officers that on the day following the robbery the
plaintiff in error, amongst others, was exhibited to the pros-
ecuting witness at the jail, whereupon, after careful obser-
vation, Frederickson stated, "I am positive that's the man."

Plaintiff in error was informed against for robbery from
the person, not being armed with a dangerous weapon, and
charged also with previous conviction in the circuit court
for Douglas county of the crime of burglary on May 28,
1896, and sentence to the state prison for the term of one
year, and that said sentence remained of record, unreversed.
The jury found plaintiff in error guilty as charged, and that
he had been " before sentenced to punishment by imprison-
ment in the Wisconsin state prison by a court of this state,

and such sentence remains of record, unreversed." Thereupon judgment and sentence was passed upon him July 27, 1899; and thereafter, on August 5th, he moved the court to set aside the judgment and sentence, and for a new trial on the minutes of the judge, on the ground that the same is contrary to law and the evidence in the case, which motion was denied on August 12, 1899. The case comes here upon a writ of error to the judgment of the superior court of Douglas county.

For the plaintiff in error the cause was submitted on briefs by *Victor Linley*.

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *C. E. Buell*, first assistant attorney general.

DODGE, J. The first and third assignments of error are predicated upon insufficiency of the evidence to support the verdict. They cannot be considered in the absence of a motion to set aside the verdict and grant a new trial on that ground, made before sentence and judgment. True, a motion to set aside the judgment and grant a new trial was made and denied by order after judgment. Such motion and order, however, are not brought up for review by writ of error to the judgment. *John Pritzlaff H. Co. v. Berghoefer*, 103 Wis. 359; *Reed v. Madison*, 85 Wis. 667; *Jackson v. State*, 92 Wis. 422, 427. True the foregoing considerations were not suggested, nor the authorities in support thereof presented, by counsel for the state; but this court cannot assume to decide questions which are not before it for review.

The second assignment of error presents the testimony of two policemen to the effect that the prosecuting witness, on the day after the robbery, stated that plaintiff in error was the man who committed it. This was pure hearsay evidence upon the principal fact in issue. It was placing before the

jury an unsworn declaration under circumstances likely to give it great weight. The darkness and confusion surrounding the robbery justified an argument upon the improbability of the prosecutor's ability to have seen his assailant sufficiently to identify him, and the declaration of defendant's identity when presented among others before complainant must have weighed with the jury upon the fact so declared, and therefore prejudiced the accused. Error was thus committed, for which the judgment must be reversed. *Reddick v. State,* 35 Tex. Cr. 463; *Lewis v. State,* 62 Ark. 494; *Brooks v. State,* 96 Ga. 353; *State v. Foley,* 130 Mo. 482.

The fourth assignment of error challenges the sufficiency of the verdict, which finds that the defendant had previously been sentenced merely " by a court of this state," while the information alleges such sentencing " by the circuit court of Douglas county." Doubtless the prosecution must confine its proofs to the allegations of the information, and cannot support them by proof of a sentence by a different court. Possibly this verdict is ambiguous as to whether the jury may have found a sentencing by some other court than the one specified (*Allen v. State,* 85 Wis. 22), though there are cogent considerations to the contrary. We need not, however, decide that question, as it probably will not arise upon another trial. Addition of the words " as charged in the information," or some other suitable phrase, will readily avoid possibility of misunderstanding.

*By the Court.*— Judgment reversed, and cause remanded for a new trial. The warden of the state prison will surrender the plaintiff in error to the sheriff of Douglas county, who will hold him in custody until he shall be discharged by due course of law.