Egan, Plaintiff in error, vs. The State, Defendant in error.

*May 14—June 5, 1908.*

*Criminal law: Conviction of lesser offense: Burglary in daytime: Pleading and proof.*

Burglary in the daytime being merely a lower grade of offense than burglary in the nighttime, it is not essential in a prosecution for the former offense to allege or prove that it was committed in the daytime.

Error to review a judgment of the circuit court for Fond du Lac county: Chester A. Fowler, Circuit Judge.  *Affirmed.*

For the plaintiff in error there was a brief by *Morse & Williams,* and oral argument by *R. L. Morse.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

KERWIN, J.    The plaintiff in error, hereinafter called defendant, was charged in the information with the crime of burglary in the daytime under sec. 4410, Stats. (1898), committed on the 15th day of August, 1907, and pleaded not guilty.   He was tried in the circuit court for Fond du Lac county, found guilty, and sentenced to confinement in the state reformatory at Green Bay, Wisconsin, for the term of one year, the term of confinement to begin at noon November 23, 1907.   It appears from the evidence that the time within which the crime could have been committed included nighttime and daytime.

The only error complained of is in the following instruction:

"But if the evidence satisfies you beyond a reasonable doubt that the defendant broke and entered the dwelling house charged with the intent to steal and carry away the property of the Dupies at some time about the time alleged, and does not satisfy you beyond a reasonable doubt that it was during the hours constituting nighttime, you should then convict of the offense charged.   But if you do find beyond a reasonable doubt that the defendant broke and entered the building with the intent to steal as stated, and also find beyond a reasonable doubt that such breaking and entry was made in the nighttime, as this time has been defined to you, then you should acquit."

Under this charge the jury were not permitted to find defendant guilty if they found beyond a reasonable doubt that the burglary was committed in the nighttime, but permitted only to convict in case they were satisfied beyond a reasonable doubt that the burglary was committed, but were not satisfied beyond a reasonable doubt that it was committed during the hours constituting the nighttime.   We think this instruction was sufficiently favorable to the defendant.   To hold that there could be no conviction upon an information for burglary in the daytime, where the jury could not say beyond a reasonable doubt that the commission of the act

may not have extended into the nighttime, would seem to be allowing the defendant to go unpunished upon a technicality well-nigh absurd. Many cases might arise where it would be difficult, if not impossible, for a jury to determine beyond a reasonable doubt on which side of the line between day and night the offense was committed, and yet we cannot think it would be good administration of the law to allow criminals to go unwhipped of justice in such cases upon the splitting of a hair between day and night, where it appeared clearly that no prejudice could be done defendant even if the offense were committed in the nighttime, though the information charged daytime. At common law, where the crime could only be committed in the nighttime, time was an essential element of the offense. Not so under our statute, however, which makes the offense punishable when committed in the daytime or nighttime, and imposes a heavier punishment if committed in the nighttime. Here the jury under the charge were permitted to acquit defendant if they found beyond a reasonable doubt that the offense was committed in the nighttime, but if they could not so find, but found beyond a reasonable doubt that the offense was committed, but could not fix the time beyond a reasonable doubt whether in the daytime or nighttime of August 15th, they might find defendant guilty. On the 15th day of August, the day charged, daytime began at 4:07 a. m. The evidence shows that the crime was committed between 8:45 p. m. August 14th and 6:15 a. m. August 15th, so it will be seen that the time within which the offense was committed overlapped the night and a part of the day. We think it clear that the time of day was not a material element of the offense charged, since burglary in the daytime is a lower grade of offense than burglary in the nighttime, and a lighter punishment imposed therefor. So, even if the burglary were committed in the nighttime, the defendant was not prejudiced by the conviction for burglary in the day-

time, the allegation of nighttime simply affecting the grade of punishment and not being an essential element of the offense. This seems to be the rule in Massachusetts under statutes similar to our own. *Comm. v. Reynolds,* 122 Mass. 454; *State v. Kane,* 63 Wis. 260, 23 N. W. 488. Under the rule laid down in *Comm. v. Reynolds, supra,* in charging the lower grade of offense it is unnecessary to negative circumstances which would render the offense more aggravated. The elements of the offense being the same in burglary in the nighttime and burglary in the daytime, but the grade of punishment only differing, it is sufficient in a prosecution for the lesser offense to allege and prove burglary, and whether committed in the daytime or nighttime warrants punishment for the lesser grade, burglary in the daytime. *State v. Kane,* 63 Wis. 260, 23 N. W. 488. The allegation that the burglary was committed in the daytime was unnecessary to a charge of this degree of the offense. The general allegations of breaking and entering, with the intent designated in the statute, would have been sufficient to warrant a conviction for burglary in the daytime without any allegation in the information that it was committed in the daytime. *Nicholls v. State,* 68 Wis. 416, 32 N. W. 543; *Comm. v. Reynolds,* 122 Mass. 454. This is upon the theory that in a prosecution for the lesser grade of offense time is immaterial, and under a statute like our own conviction may be had for the lower grade of offense, burglary in the daytime, though the evidence shows that it was committed in the nighttime, where there can be no doubt but that the conviction would be a bar to any other prosecution for the same offense. *Comm. v. Reynolds, supra.* In this case (122 Mass. 457) the court said:

"We are therefore of opinion that the allegation that the offense was committed in the daytime was not essential, and that it was competent for the government to prove the breaking and entering with intent to commit larceny. Whether

in the daytime or night was immaterial. The defendant could only be convicted and be liable to punishment under [Gen. Stats. 1860, ch. 161] sec. 14. If the jury were satisfied that it was done in the daytime, it came within the language of the section. If in the nighttime, then proof of the aggravated offense would justify conviction for the offense of lower grade. The defendant cannot complain, if the offense was committed in the nighttime, that he has been subjected to the lesser penalty; and his conviction will be a bar to any subsequent indictment charging him with the same offense with the aggravating circumstance. *Comm. v. Burke,* 14 Gray, 100, and cases cited. The evidence as to the hour when the offense was committed becomes immaterial, and its competency need not be considered."

It may be said in passing that the authorities are not altogether in harmony upon the subject; but we think the better rule is that where the statute as in this state provides for punishment for burglary committed in the daytime and also burglary committed in the nighttime, and provides a heavier punishment for burglary committed in the nighttime, it is not necessary to a conviction of burglary in the daytime to allege or prove that it was committed in the daytime. 2 Bishop, New Crim. Proc. § 133a; *State v. Kane,* 63 Wis. 260, 23 N. W. 488; *Nicholls v. State,* 68 Wis. 416, 32 N. W. 543; *Comm. v. Reynolds,* 122 Mass. 454; *People v. Barnhart,* 59 Cal. 381; *Butler v. People,* 4 Denio, 68; *Wilks v. State* (Tex. Crim.) 51 S. W. 902; *Bruen v. People,* 206 Ill. 417, 69 N. E. 24. Without pursuing the discussion further it is sufficient to say that there was no error in the charge, and the evidence was ample to warrant the jury in finding beyond a reasonable doubt that the defendant committed the burglary charged between 8:45 p. m. of August 14th and 6:15 a. m. August 15th.

*By the Court.*—The judgment of the court below is affirmed.