## LEWIS v. STATE.

### Opinion delivered June 27, 1896.

TRIAL—INSTRUCTION AS TO REASONABLE DOUBT.—It is not reversible error in a criminal case depending on circumstancial evidence to refuse to charge the jury that, in order to convict, the evidence must exclude every other reasonable hypothesis than that of defendant's guilt, if the usual instruction as to reasonable doubt has been given.

HEARSAY EVIDENCE—ADMISSIBILITY.—Where the evidence as to the identity and ownership of property alleged to have been stolen is conflicting, it is error to permit a witness, who has found property on defendant's premises, to state that he could have identified the same by a description previously given by the alleged owner.

Appeal from White Circuit Court.

H. N. HUTTON, Judge.

*J. P. Roberts*, for appellant.

1. The testimony does not sustain the verdict. Mays is not corroborated, except by Hamilton and Roberts, and only as to his statements to them before the meat was found, and in the absence of defendant, which was hearsay, and inadmissible. 1 Gr. Ev. (12 Ed.), 99; Rice on Cr. Ev., 370, 371; 11 Tex. App. 388; 14 *id.* 49.

2. The fifth instruction should have been given. Defendant's explanation as to how he got possession of the meat was a reasonable one, and one which, if true,

exonerated him, and the burden was on the state to prove the explanation false. 3 Gr. Ev. (8 Ed.), 161; 12 Tex. App. 385; 13 *id.* 499, 587; 34 Ark. 443; 12 A. & E. Enc. Law, 852.

3. The evidence is insufficient to warrant a conviction. 13 Tex. App. 499; 44 Ark. 39; 13 S. W. 889.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. The evidence is conclusive as to appellant's guilt.

2. May's describing the meat was simply admitted to show that he identified the same. It was not hearsay, but simply the statement of a fact,—of what they saw and found in possession of defendant.

3. The court properly refused the fifth instruction. The question was not how he came into the possession of the meat, but whether or not it was May's meat. If it was not May's meat, appellant was guilty.

BUNN, C. J. This is an indictment for grand larceny, tried in the White county circuit court. The trial resulted in a verdict for petit larceny, and defendant appeals.

The grounds upon which the verdict and judgment are asked to be set aside are: (1) That the same is contrary to the evidence; (2) that the court erred in refusing to give instruction No. 5 asked by the defendant; (3) because the court admitted, over the objection of defendant, the testimony of Hamilton and Roberts, to the effect that the defendant did identify or could have identified the stolen property by the description thereof previously given them by the owner.

There was evidence to sustain the verdict. How much, or how strong it was, it is improper for us now to say. There was no reversible error in refusing to give the instruction asked by defendant to the effect that, in order to convict, the evidence must exclude every other

Refusing instruction as to reasonable doubt.

reasonable hypothesis than that of the defendant's guilt. It is true that this case is one of circumstantial evidence, and the rule sought to be invoked is applicable to and proper in such cases ; yet this court has held, in effect, that the usual instruction on the subject of the reasonable doubt covers the ground of the instruction refused, in so far as to make its refusal not reversible error. *Green* v. *State*, 38 Ark. 304.

*Admissibility of hearsay evidence.* The witnesses Hamilton and Roberts, who were in search of the stolen property, on the trial testified, in answer to a direct question of the prosecuting attorney, that they could have identified the meat they found in defendant's smoke house as the meat of the alleged owner by the description he (May) had previously given them of it.

In view of the fact that the owner, May, was present, and testified as to his ownership of the meat, and as to its description, and especially in view of the fact that the testimony as to the identity and ownership of the meat was very conflicting, it was rather unfair to interject into the evidence what the owner said as to the identity of the meat in private conversation with the other witnesses, in the absence of defendant, or, rather, that witnesses identified the meat as that of the prosecuting witness as his own by the description he gave them of it. This was hearsay testimony, and had the tendency of bolstering up and giving undue weight to the testimony of the alleged owner, May.

For this error the judgment is reversed, and the cause remanded, with instructions to grant a new trial, and to proceed not inconsistently herewith.